PER CURIAM.
This cause commenced with the filing of a complaint by appellant, Hy Steinberg, to obtain injunctive relief and a judicial determination regarding “the validity of a certain resolution and assessments pertaining to the development of Sunrise Industrial Park.” The appellee, City of Sunrise, answered and asserted various affirmative defenses and a counterclaim to foreclose an assessment lien against Steinberg’s property.
It appears that in September, 1980, the City of Sunrise passed legislation authorizing the development of an industrial park, which the city decided to develop in four phases. The city further authorized the issuance of $28 million dollars worth of special assessment revenue bonds to finance the development of the park. Although the bonds were validated in a single proceeding, they could be, and were, issued in separate series.
Steinberg owns Parcel 80 in the proposed industrial park and was apprised, from the beginning, of the development plan. It is admitted that he received notices from time to time of the different aspects of the development, including the bond validation proceeding. Prior to April, 1983, the city installed some utilities in, and paved, a portion of Hiatus Road, which abuts Parcel 80 on the west. As a result, Steinberg sued the city in inverse condemnation and the city was required to condemn the portion of Parcel 80 on which the road was constructed. Later, the city also condemned another strip of land along the *1149 southern boundary of Parcel 80 to be used for 44th Street.
In August, 1984, the city passed a resolution that established the assessment roll for Phase IV of the project. All the parcels, including Steinberg’s, were assessed upon a gross square foot basis. Stein-berg’s assessment amounted to $262,532 as of the date the assessment lien attached to Parcel 80. Nevertheless, at Steinberg’s request, the city divided the parcel into three parts for billing purposes. Steinberg paid the original assessment invoice for two of the parcels amounting to approximately $10,000 but thereafter refused further payment, and this litigation commenced. The trial court ruled in favor of the city, granting foreclosure of the assessment liens in the amount of $232,956.18 against Parcel 80 and granted the city a lien of $58,969, representing the proceeds of the condemnation suit for the taking of Hiatus Road.
Steinberg has presented eleven points on appeal, which contain a broad spectrum of objections to, and legal theories impugning, the assessment. However, none of said points require reversal, though we will treat several which we consider to be the main points raised.
The main obstacle confronting Steinberg in this case is one of standing. Appellee contends that, in order to litigate his complaints, Steinberg was required by statute to deposit into the court registry the amount of the assessment he admitted was due. This was not done and the issue has not been waived.
Section 173.07, Florida Statutes (1989), provides: In an end run around the statute, Steinberg contends none of the assessment is due and thus he need not comply with the statute. His theory is that the assessment is void ab initio and therefore no amount of the assessment is valid and owing.
173.07 Tender of correct amount as condition precedent.—If any person shall claim that any tax, tax certificate or assessment is improper or illegal, and seeks to contest the same, then such person at the time of filing an answer resisting the foreclosure of any tax lien, tax certificate or assessment lien shall tender into the registry of the court such amount as he claims was properly assessable or for which the property of such person was properly assessable.
As appellee suggests, none of Stein-berg’s arguments challenges the constitutional or statutory authority of the city to make the assessment. The thrust of his attack is upon the methodology and amount thereof, yet he failed to comply with the sine qua non for judicial resolution of the issue. We, therefore, hold that Steinberg does in fact and law lack standing to maintain this suit.
Furthermore, the bond validation, filed by the city pursuant to city ordinance and resolution, culminated in a final judgment validating the bonds for which the subject assessment was made. Steinberg, though familiar with the proceeding, did not intervene and thus the validity thereof is now res judicata. Section 75.09, Florida Statutes. (1989).
We have considered Steinberg’s suggestions that the assessment is improper because the cost thereof exceeded the benefits accruing to the property by virtue of the improvements. The trial judge found, and the record supports such finding, that the square foot method of calculating the assessment used by the city was fair and directly related to the cost of improvements as well as the value added to the parcel. No evidence was adduced by Steinberg to the contrary. Furthermore, as the trial judge found, Steinberg benefited more than most property owners from his refusal to dedicate any portion of the road rights-of-way. He not only received more per square foot in the condemnation award but he was also able to use the improved rate or value of the property taken in appraising the value thereof.
The final judgment contains an excellent detailed analysis of the proof adduced at trial leading to the findings of fact and conclusions of law. They reflect a record in which Steinberg fully received due process and a fair determination of his rights in the matter.
*1150 Accordingly, we affirm the judgment appealed from in all respects except possibly the legal description of the property, which appellee has conceded may need to be amended. The cause is remanded to the trial court to determine whether the property description used in the judgment is proper. If it is not, the court shall amend the judgment to provide the proper description.
Furthermore, section 173.08, Florida Statutes (1989), provides for an allowance of attorney’s fees to the successful complainant. The appellee, City of Sunrise, has prayed for such allowance in its counterclaim and, having prevailed on said counterclaim, it is entitled to an allowance for such fees, to be determined on remand.
DOWNEY, ANSTEAD and POLEN, JJ., concur.